```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
RODERICK BLACK,                     :
                                    :
         Petitioner,                :    Civ. No. 19-19931 (NLH)
                                    :
    v.                              :    OPINION
                                    :
                                    :
JAMAL JAMISON,                      :
                                    :
         Respondent.                :
_____:

APPEARANCES:

Roderick Black
28287-054
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

    Petitioner Pro se

HILLMAN, District Judge

    Roderick Black has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 arguing that he should be resentenced because the consecutive 60-month sentence on his conviction under 18 U.S.C. § 924(c) violates his due process rights.  ECF No. 1.  For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction.

I.   BACKGROUND

    "From at least November 1991 through January 21, 1994, eighteen individuals conspired to possess and distribute cocaine and cocaine base in Hertford County, North Carolina.  The drug

distribution network operated primarily out of Ahoskie, North Carolina.  However, it eventually expanded into Elizabeth City, North Carolina."  ECF No. 1-1 at 4.  "Quantities of the drug were also converted to cocaine base prior to distribution. Various members of the drug distribution network possessed firearms in relation to their drug trafficking activities, concealed their drug profits by placing their assets in others [sic] names, and obtained the assistance of juveniles in their endeavors."  Id.  "During the course of the conspiracy, at least 63.78 kilograms of cocaine base and 17.69 kilograms of cocaine powder were possessed and distributed by the Wayne Shelton Simmons distribution network."  Id.

 A grand jury sitting the United States District Court for the Eastern District of North Carolina issued a forty-six-count indictment against Petitioner and his co-conspirators.  Id. at 2.  The indictment charged Petitioner with conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, 21 U.S.C. § 846; continuing criminal enterprise, 21 U.S.C. § 848(a); use and carrying a firearm in furtherance of a drug trafficking crime, 18 U.S.C. §§ 924(c)(1); possession with intent to distribute cocaine base, aiding and abetting, 21 U.S.C. § 841(a)(l) and 18 U.S.C. § 2; distribution of cocaine base, aiding and abetting, 21 U.S.C. §  841(a)(l) and 18 U.S.C. § 2; possession with intent to distribute cocaine, aiding and

2

abetting, 21 U.S.C. § 841(a)(l) and 18 U.S.C. § 2; and distribution in excess of 500 grams of cocaine, 21 U.S.C. § 841(a)(l).  Id. at 2-3.  He was convicted on September 2, 1994.  Id. at 3.

Petitioner was sentenced on December 8, 1994 to life imprisonment.  United States v. Black, No. 2:94-cr-00015 (E.D.N.C. Dec. 8, 1994) (ECF No. 249).[1]  Petitioner received a five-year consecutive sentence for his conviction on Count Three, use and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1) and (2).  Id.  The United States Court of Appeals for the Fourth Circuit affirmed the convictions and sentence.  United States v. Black, No. 95-5077 (4th Cir. Sept. 18, 1996).  "Eventually, the U.S. District Court for the Eastern District of North Carolina, Northern Division reduced Black's sentence to 30 years, plus five years consecutive, pursuant to Count 3's § 942(c) conviction."  ECF No. 1-1 at 3.

Petitioner filed a motion under 28 U.S.C. § 2255 to correct, vacate, or set aside his sentence on January 8, 2001.  Black, No. 2:94-cr-00015 (E.D.N.C. Jan. 8, 2001) (ECF No. 368).  The district court denied the motion on March 15, 2001.  Black, No. 2:94-cr-00015 (E.D.N.C. Mar. 15, 2001) (ECF No. 375).  The

---

[1] The Court takes judicial notice of these public filings.

3

Fourth Circuit denied a certificate of appealability on September 19, 2001.  United States v. Black, No. 01-6540 (4th Cir. Sept. 19, 2001).

On March 21, 2016, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court asserting that he was actually innocent of the life sentence imposed under 21 U.S.C. § 841 and that § 2255 was inadequate or ineffective to challenge his conviction or sentence because he was sentenced prior to the Supreme Court's decision in Burrage v. United States, 571 U.S. 204 (2014).  Black v. Kirby, No. 16-1553 (D.N.J. Mar. 21, 2016).  This Court dismissed that petition for lack of jurisdiction.  Black, No. 16-1553 (D.N.J. June 7, 2016) (ECF No. 5).

Five months later, Petitioner filed another § 2241 petition in this Court.  Black v. Kirby, No. 16-8307 (D.N.J. Nov. 7, 2016).  This time, he argued that he was actually innocent of his § 924(c) conviction due to the Supreme Court's decisions in Bailey v. United States, 516 U.S. 137 (1995) and Bousley v. United States, 523 U.S. 614 (1998).  This Court also dismissed the second petition for lack of jurisdiction.  Black, No. 16-8307 (D.N.J. Nov. 27, 2017) (ECF No. 5).

Petitioner filed the instant petition on November 6, 2019.  ECF No. 1.  He argues the Fourth Circuit's opinion in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), and the Supreme

4

Court's decision in Dean v. United States, 137 S. Ct. 1170 (2017), require him to be resentenced on Count 3, the § 924(c) conviction.

II. DISCUSSION

   A. Legal Standard

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant.  The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

   B. Analysis

Petitioner brings this action under 28 U.S.C. § 2241. Before the Court may reach the merits of Petitioner's claims,

5

the Court must consider whether it has jurisdiction to consider the petition under § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

In the Third Circuit, prisoners may use § 2241 to challenge their sentences after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d

6

Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)).  "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion.  What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued."  Id.

Petitioner's claim that the Supreme Court's decision in Dean requires resentencing does not satisfy the conditions for § 2241 jurisdiction under either prong of the Third Circuit's test.[2]  In Dean, the Supreme Court held that § 924(c) "simply requires any mandatory minimum . . . to be imposed 'in addition to' the sentence for the predicate offense, and to run consecutively to that sentence.  Nothing in those requirements prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense."  Dean v. United States, 137 S. Ct. 1170, 1178 (2017).  It is not a substantive rule that decriminalizes the conduct for which Petitioner was convicted; it only "clarifies the amount of discretion a district court judge can

---

[2] Nor does Wheeler as a Fourth Circuit court case that is not binding on this Court.  Under Bruce, only an intervening Supreme Court decision can be used to establish jurisdiction under § 2241.

7

exercise when crafting a sentence." Worman v. Kallis, No. 18-CV-1144-JES, 2019 WL 1980689, at *3 (C.D. Ill. May 3, 2019).

Moreover, Petitioner could have raised this argument earlier. Dean was decided April 3, 2017. Assuming one could bring this claim in a § 2241 petition, Petitioner had the opportunity to do so while his prior § 2241 petition was pending in this Court as the petition was not dismissed until November 27, 2017. Black, No. 16-8307 (D.N.J. Nov. 27, 2017) (ECF No. 5). Petitioner could have filed an amended petition in order to raise his Dean argument sooner than November 2019. ECF No. 1. The Court therefore lacks jurisdiction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Because Petitioner has already filed a motion under § 2255, he cannot file a second or successive motion without the permission of the Fourth Circuit. 28 U.S.C. §§ 2244, 2255(h). The Court finds that it is not in the interests of justice to transfer the petition because it does not appear that Petitioner can meet the requirements to file a second or successive § 2255 motion. Nothing in this opinion should be construed as preventing Petitioner from asking permission from the Fourth Circuit himself if he so chooses.

8

III. CONCLUSION

     For the foregoing reasons, the petition for writ of habeas corpus is dismissed for lack of jurisdiction.  An appropriate order will be entered.

Dated: April 28, 2020                    s/ Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.